In the Matter of the Claim of FRED SCHURICK, Appellant, against BAYER COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

(Argued November 17, 1936; decided December 31, 1936.)

*La Verne Orvis* for appellant.

*J. Stanley Carter* and *M. James Conboy* for Bayer Company et al., respondents.

CROUCH, J.   In December, 1933, the claimant, while acting as a volunteer fireman, sustained a fracture of the lower end of the left radius.   While he was then in the general employment of the respondent employer, the accident had no connection with the employment.   On March 19, 1934, he was deemed by his physician fit to go back to work and did so.   Thereafter he performed his regular duties and received his regular wages.   On May 16, 1934, while threading a steel rod in the course of his employment, the claimant again broke his arm.   The injury was partly a re-fracture of the lower end of the radius and partly a new fracture of the styloid process of the ulna.   He was granted disability compensation for five weeks on the basis of an average weekly wage of $27.20, and the case was continued.   The Industrial Board thereafter found upon sufficient evidence " that the fractures which occurred on May 16, 1934, were due both as a consequence of the first injury of December 19, 1933, and as the result of the second injury of May 16, 1934." Upon the basis of that finding and without any attempt to establish a rational proportion between " consequence " and " result "— an attempt which would have been futile — the Board modified the award so as to charge only one-half of it against the employer and carrier. *Matter of Anderson* v. *Babcock & Wilcox Co.* (256 N. Y. 146) was cited as authority for the modification.   The

Appellate Division affirmed on the ground apparently that the provisions of subdivision 7 of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67) were applicable.

The fundamental command of the Workmen's Compensation Law is (§ 10) that " every employer subject to this chapter shall * * * secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment." That broad command is variously affected and implemented by other provisions of the act. Among them is subdivision 7 of section 15 which reads as follows: " The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from compensation for later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury, provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability."

We are chiefly concerned with the proviso at the end. Our only guides to its meaning and scope are the circumstances under which it was enacted and the obvious limits of practical administration under the literal language. In *Matter of State Industrial Commission* v. *Newman* (222 N. Y. 363) it is shown that the enactment of the proviso by chapter 615 of the Laws of 1915 followed upon the heels of the decision in *Matter of Schwab* v. *Emporium Forestry Co.* (167 App. Div. 614), which was later affirmed by this court (216 N. Y. 712). The decision there was that a claimant who had theretofore lost one hand became entitled, upon the loss of the remaining hand while such employee, to compensation for permanent total disability

and not to the lesser compensation for permanent partial disability. The Legislature, upon grounds of policy, changed that rule. While the language of the proviso was capable of a wider application, it is reasonably clear that it was originally intended to cover only a state of facts comparable with those in the *Schwab* case. It is perhaps not without significance, as showing what was in the legislative mind, that when chapter 622 of the Laws of 1916 was enacted to supplement the legislation of 1915, the disabilities specified were confined to " the loss of one hand, one arm, one foot, one leg, or one eye." (Present subd. 8, § 15.) While it is not now necessary to decide that the disability referred to in the phrase " suffering from a previous disability," in the proviso, must be one of those mentioned in subdivision 8, considerations of practical administration demand at least that it be, as to its existence and extent, substantially as certain and as capable of ascertainment as are those. Here, it is doubtful whether the claimant, when he received the later injury, can be said to have been suffering from a previous disability at all. Disability is a word of varied content, not defined in the Compensation Law except in section 37, which is confined to occupational diseases. Nevertheless, an existing disability is generally reflected in wage earning capacity. A weakness, whether pathological or traumatic in origin, which does not become manifest until an accident occurs, is not ordinarily thought of as a disability. But even if the condition of the claimant's arm at the time of the later injury be regarded as a disability, the extent of its contribution to the later injury is too speculative for practical purposes. We think the proviso in subdivision 7 of section 15 has no application under the facts here, and the broad command of section 10 stands.

*Matter of Anderson* v. *Babcock & Wilcox Co.* (*supra*) is likewise inapplicable. The claimant there was awarded his full compensation. There was no contest between him and the second employer. The contest was between the

two employers and their carriers, as to who should pay it. The language of the opinion must be read in connection with the issue.

The orders of the Appellate Division and of the State Industrial Board should be reversed and the original award of the State Industrial Board reinstated, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.