DOTTIE WARD, as Administratrix De Bonis Non of the Estate of NOAH D. PALMITIER, Deceased, Respondent, v. POUGHKEEPSIE SAVINGS BANK, Appellant.— Reargument directed for the opening day of the May, 1946, Term of this court. Judgment in the above-entitled case vacated. Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur; Foster, J., taking no part. [See *ante*, p. 866; *post*, p. 965.]

In the Matter of the Claim of HELEN BOCK, Respondent-Appellant, against SHEFFIELD FARMS COMPANY, INC., Appellant-Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The self-insured employer has appealed from a decision of the State Industrial Board [now Workmen's Compensation Board] directing it to pay into the nonresident compensation fund, pursuant to section 25-b of the Workmen's Compensation Law, the sum of $9,038.70, the value of the unpaid balance of death benefits awarded to Helen Bock, widow of the deceased employee, and her minor child. The deceased was a citizen of the United States, as was also the minor child. On October 1, 1937, Bock sustained accidental injuries which resulted in his death and which injuries arose out of and in the course of his employment. The question involved is whether the widow is a citizen of the United States or a nonresident alien. The board directed that the amount of the award be paid to the State Comptroller, nonresident compensation fund. That direction is a proper decision. Award affirmed, with costs to the Workmen's Compensation Board. The appeal of the claimant, involving the question of award for legal services to her attorney, is dismissed, without costs. All concur.

In the Matter of the Claim of ANNA FINNEGAN, Respondent, against J. C. MINTERN & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits to a widow and dependent children under the Workmen's Compensation Law. Decedent suffered a heart attack after lifting sacks of cement which weighed ninety-four pounds each. There is proof of causal relation between this heavy work and the cardiac attack. Appellants assert that in any event they should not be held liable for death benefits beyond a period of one hundred and four weeks, under subdivision 8-a (added by L. 1944, ch. 749, and repealed by L. 1945, ch. 872) of section 15 of the Workmen's Compensation Law. Although decedent had a condition of coronary sclerosis prior to the acute heart attack there is no evidence that this was a pre-existing disability within the meaning of the statute. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of JOSEPH ALBRIGHT, Respondent, against BUFFALO NIAGARA ELECTRIC CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award and decision of the referee dated April 27, 1944, which made a finding that the payment of a medical bill of $9 constituted an advance payment of compensation, and also the carrier appeals from a decision and award of the board which awarded 40% loss of use of the left thumb. The board found that the right to compensate was not barred by reason of the failure of claimant to file a claim for compensation within the period required by section 28 of the Workmen's Compensation Law, for the reason that the employer and carrier had made an advance payment of compensation in accordance with section 28. Award affirmed, with costs to the Workmen's Compensation Board. All concur.