Appeal by employer and insurance carrier from an award and decision of the Workmen’s Compensation Board. The appeal presents a question of law as to the applicability of subdivision 8-a of section 15 of the Workmen’s Compensation Law (L, 1944, ch. 749, repealed by L. 1945, ch. 872), to the facts of claimant’s injury and his consequent disability. Claimant, while working in a stone quarry, suffered compensable injury which necessitated amputation of his left foot. The board’s decision affirmed a referee’s holding which excluded medical evidence offered by appellant [carrier] to establish that a further amputation and a prolonged disability was occasioned by a diabetic condition sustained by claimant prior to and existing at the time of his employment. This condition was unknown to the employer and claimant when the former hired him, and he was not at that time or during the course of his employment thereby disabled from performing any of the usual duties thereof. Disability due to compensable injury which is increased by a pathological condition, the existence of which is unknown at and during the time and period of the employment, does not constitute a disablement at the time of hiring within the meaning of former subdivision 8-a of section 15 of the statute. (Matter of Finnegan v. Mintern é Son, 270 App. Div. 868; Matter of Goldat v. General Outdoor Advertising Go., 272 App. Div. 850; Matter of Bak v. New York Gar Wheel Go., 272 App. Div. 855; see, also, Matter of Schuriek V. Bayer Co., 272 N. Y. 217, 220.) Decision and award affirmed, with costs to the Workmen’s Compensation Board. All concur. [See 273 App. Div. 827.]