The PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK L. SPILLMANN, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Motion for leave to appeal as a poor person denied on the ground that the papers do not indicate an appealable issue. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

In the Matter of the Claim of LOUIS GARGANO, Respondent, against A. CARDANI, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of compensation for permanent partial disability. Claimant is a painter. The sole issue on appeal is whether he was an employee of the alleged employer or an independent contractor. Only an issue of fact is presented and there is substantial evidence to sustain the determination of the board that claimant was an employee. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

In the Matter of the Claim of THERESA MUELLER, Respondent, against RUTGERS CLUB, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by employer and its insurance carrier from an award of death benefits made to the widow of a deceased employee. The appellants raised questions of accident and causal relation, and contend that the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law are applicable to the facts in this case. The employer was engaged in the operation of a social club and decedent was employed as a steward. He was sixty-one years of age. The board found that he sustained an industrial accident on the employer's premises on January 18, 1948; that he suffered a heart attack on the job after unusual excitement and long hours. The board also found that the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law do not apply. There is no proof in the record that the employer had any knowledge that the decedent was suffering from any permanent condition or physical limitations prior to his employment. The board also found that decedent was not suffering from any disabling or apparent physical limitation. The proof also disclosed that he performed all the work that the employer required. The decedent had a persisting pathological condition in the nature of a heart ailment. The evidence sustains the determination of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon., JJ.