In the Matter of the Claim of LEVI SOUERS, Respondent, against TOWN OF BLENHEIM, HIGHWAY DEPARTMENT, et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which held that the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law were inapplicable to the case at bar and that the Special Disability Fund was discharged from liability.

The sole contention of appellants on this appeal is that the provisions of subdivision 8 of section 15 are applicable. On February 12, 1946, the claimant, while working at his regular occupation as a road maintainer for his employer, slipped and fell into a depression as a result of which he sustained certain injuries which aggravated a pre-existing osteomyelitis in the upper end of the femur, infection and marked pain in the region of the left hip. The board also found that previous to his hiring by the employer, the claimant had suffered a fusion of the left hip with osteomyelitis which caused a slight limp but there was no proof that the alleged condition was permanent in character or that the employer had any knowledge that the claimant suffered from a permanent defect during the term of his employment. In fact, the employer's superintendent testified that he hired the claimant as a road laborer on October 30, 1945, and at that time he knew he limped slightly on one of his legs but he did not know the cause of this limping and he did not have knowledge that the claimant had undergone any treatment for this condition. While working for the employer, the claimant performed the same work as other road laborers, received the same wages and was given no special consideration in the assignment of work. The evidence discloses that in March, 1944, about two years before the accident, the claimant had undergone an operation known as an arthrodesis, in order to stiffen his left hip which had undergone degenerative changes as a result of arthritis. This condition, however, improved and the wound closed and remained closed for a considerable period until he met with the accident on February 12, 1946. The board found that the accident reactivated the osteomyelitis and that this condition culminated in the claimant's present disability. The board also discharged the Special Fund from liability and continued the case for further consideration. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.