In the Matter of the Claim of JOHN W. CONWAY, Respondent, against ALUMINUM & BRASS COMPANY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 14, 1951.

*John M. Cullen,* for appellant.

*Warren C. Tucker* and *Morgan F. Bisselle,* for Aluminum & Brass Company and Utica Mutual Insurance Company, Respondents.

*Maurice H. Claster* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Daniel Polansky,* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. Claimant in this case is a paraplegic, having lost the use of both lower extremities from an attack of poliomyelitis in 1910. He can walk only with the aid of crutches. Despite this disability he obtained employment in 1943 as a grinder of light castings. This work permitted him to sit at a bench. In June, 1945, he sustained an injury to his right wrist which ultimately affected the use of his right hand and interfered with the use of his crutches. The Workmen's Compensation Board has found that claimant is permanently totally disabled, and held that the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law are applicable.

From the award made on the foregoing basis the Special Disability Fund has appealed. As we understand its position appellant has two contentions; (1) that the provisions of subdivision 8 of section 15 of the statute do not apply, and (2) in any event the award should be limited to a schedule loss of use of the right hand.

The pertinent provisions of the statute cited, as they existed at the date of the accident, were as follows: " (d) * * * an employee * * * who has a total or partial loss or loss of use of one hand, one arm, one foot, one leg or one eye, or who has other permanent physical impairment not resulting from a disease specified in article four-a of this chapter, incurs a subsequent disability by accident arising out of and in the course of his employment * * * resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury or occupational disease alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and all medical expense provided by this chapter, but such employer or his insurance carrier shall be reimbursed from the special disability fund created by this subdivision for all compensation and medical benefits subsequent to those payable for the first one hundred four weeks of disability."

That the paralysis of claimant's lower limbs was a physical impairment within the meaning of the statute is conceded. It seems obvious also that claimant's combined disabilities, paralysis of his legs and a 60% loss of use of his right hand add up to a result that " is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone ". Whether this result amounted to permanent total disability was a question of fact for the board to determine, and since there is substantial evidence to sustain the affirmative determination of the board on this issue its finding is conclusive. Thus, on these facts, the requirements of the statute are met.

Appellant's second contention, that in no event did the board have authority to make an award beyond a schedule loss of use of the right hand, is based largely on subdivision 7 of section 15 of the statute, which provides in part: " an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability *except as hereinafter provided in subdivision 8 of this section.*" (Emphasis supplied.)

The legislative history of this subdivision, and the cases in which references to it have been made, render it doubtful in our minds whether the " previous disability " referred to was intended to apply to a functional defect resulting from disease and in no way connected with an industrial accident (*Matter of Bervilacqua* v. *Clark,* 225 App. Div. 190, affd. 250 N. Y. 589; *Matter of Schurick* v. *Bayer Co.,* 272 N. Y. 217). But in any event we think the proviso contained therein, i.e., " except as hereinafter provided in subdivision 8 of this section " (added by L. 1945, ch. 872, eff. April 1, 1945) makes the subdivision inapplicable here. There is nothing in paragraph (d) of subdivision 8, heretofore quoted, which limits the power of the board to make an award for permanent total disability if the facts so warrant; in fact its language implies an award for permanent disability caused by both conditions. And subdivision 1 of section 15, after citing specific instances of what shall be deemed permanent total disability provides " In all other cases permanent total disability shall be determined in accordance with the facts."

Subdivision 8, in its entirety, was quite evidently designed not only to induce employers to employ handicapped persons but also to encourage the latter to seek employment. To narrow its application in accordance with appellant's contention would tend to defeat one of its purposes.

Thus we think it was within the power of the board to make the award appealed from, and that it should be affirmed, with costs to the Workmen's Compensation Board.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board. [See *post,* p. 810.]