In the Matter of the Claim of Dora Baron, Respondent, against Nobar Realty Corp. et al., Appellants, and Special Funds Conservation Committee, Respondent.

Workmen's Compensation Board, Respondent.

Third Department, March 11, 1953.

*Philip J. Caputo* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Rubin Baron* for claimant-respondent.

*John M. Cullen* for Special Funds Conservation Committee, respondent.

BERGAN, J.   The decedent David Baron was the father of Rubin Baron and Harry Baron, officers of appellant employer Nobar Realty Corporation.   The Workmen's Compensation Board has found on a substantial record that while the deceased was in the employ of the corporation and in the course of his employment he sustained a coronary thrombosis which resulted in his death on February 6, 1950.

The question presented is whether the Special Disability Fund is liable within subdivision 8 of section 15 of the Workmen's Compensation Law, which provides for "disability following previous permanent physical impairment". There is proof which is not disputed in the record that the decedent had suffered a coronary occlusion on September 12, 1941; that the physician who treated him told his sons of this attack; that the sons as officers of the corporation knew of this condition when they hired him to work for the corporation in 1948 and he was told not to do any physical work, but to act as a supervisor.

The president of the corporation, Harry Baron, testified that following the heart attack in 1941 and in 1948 when his father was hired he knew "that my father could not do any physical work of any kind because of his heart condition".

The award for compensation and for death benefits has been made by the board against the corporate employer and its compensation carrier, the appellants here. They contend on appeal that their claim for reimbursement against the Special Disability Fund should have been allowed. The board refused to allow it.

The finding on which the board reached this conclusion is that the deceased employee "was not hired as a disabled person by the employer with knowledge of any pre-existing permanent physical impairment within the meaning of Section 15, subdivision 8", of the act.

The statute provides in substance that if an employee who has a "permanent physical impairment" incurs a subsequent disability by accident arising out of employment and such injury results in death, and it is determined that either the injury or death would not have occurred except for the pre-existing permanent physical impairment, the employer and carrier shall pay certain benefits and be entitled to certain reimbursements from the Special Disability Fund (§ 15, subd. 8, pars. [d], [e]).

It is to be noticed that the statutory text says nothing about hiring an employee "with knowledge of any pre-existing permanent physical impairment". What it relates to is a "permanent physical impairment" which is a cause of the injury or death — of a kind that without it the injury or death would not have occurred.

In making a practical construction of this language, however, the court has held that the kind of physical impairment the Legislature had in mind was one of which the employer had knowledge since the statute was designed to encourage the employment of partially disabled people and an obscure dis-

ability unknown to the employer would present no handicap to employment. (*Matter of Zyla* v. *Julliard & Co.,* 277 App. Div. 604 [1951].) There it was not shown that the employer knew the gravity of claimant's physical condition from diabetes when he returned to work — a condition which made more serious the results of a later injury.

There are cases where there has been affirmance of a finding by the board that the pre-existing physical condition did not affect the later injury (*Matter of Ehinger* v. *Hotel St. Regis,* 278 App. Div. 866; *Matter of Souers* v. *Town of Blenheim,* 278 App. Div. 1030) or where no pre-existing permanent impairment has been found as a question of fact (*Matter of Mueller* v. *Rutgers Club, Inc.,* 278 App. Div. 619; *Matter of Lacatena* v. *Sweeney Bottling Works,* 279 App. Div. 1104; *Matter of Accardy* v. *Parker-Kalon Corp.,* 279 App. Div. 678).

But here the substantial evidence in the record shows without any dispute the permanent physical impairment of the decedent; the knowledge of the employer that it existed when decedent was hired; the association between the impairment, the injury sustained in the course of employment, and the death. There is no substantial evidence the other way. We are obliged to examine the record as a whole. (*Matter of McCormack* v. *National City Bank,* 303 N. Y. 5, 9; cf. *Matter of Conway* v. *Aluminum & Brass Co.,* 279 App. Div. 82.)

We have here a hard case. It is sought to charge the Special Disability Fund for a liability where corporate officers are members of a family to which the employee also belonged and the knowledge of his condition was obtained because of that relationship and employment given probably for the same reason.

But the decedent was injured and died as the result of injury in a hazardous employment under conditions which meet the statutory test of disability before hiring; and we are not able to sustain as a matter of law a decision that can ripen into a precedent that the statute shall not be applied to a case that plainly falls within it.

The decision should be reversed and the claim for reimbursement allowed, with costs to appellants against the Workmen's Compensation Board.

Foster, P. J., Coon, Halpern and Imrie, JJ., concur.

Decision reversed, on the law, and claim for reimbursement allowed, with costs to appellants against the Workmen's Compensation Board.