In the Matter of the Claim of WALTER BREEN, Respondent, against FAIRVIEW FOUNDRY, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law appeals from decisions and awards of the Workmen's Compensation Board finding claimant permanently totally disabled and directing carrier, to make compensation payments with authorization to the carrier to apply for reimbursement from the Special Fund after one hundred four weeks under the provisions of said statute. The facts are not in dispute. Prior to his employment with Fairview Foundry, Inc., claimant incurred a permanent physical impairment by reason of an amputation of his right arm at a point about two and one-half inches

below the elbow, said to be the result of a childhood accident. He had, nonetheless, worked consistently in various positions as maintenance man, watchman and handy man. While employed by Fairview as a full-time maintenance man he caught his left hand in a gear box. The second, third and fourth fingers of that hand were severely injured, parts of each being subsequently amputated. The Workmen's Compensation Board has found 60% permanent loss of use of the left hand and that he is totally and permanently disabled. The board directed the employer to continue making payments during the period of permanent total disability and authorized it to apply for reimbursement from the Special Disability Fund after one hundred four weeks of compensation payments under the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. The Special Fund contends that the award against it should be limited to the schedule loss of the injured left hand. Paraphrasing Presiding Justice FOSTER's comment in *Matter of Conway* v. *Aluminum & Brass Co.* (279 App. Div. 82, affd. 304 N. Y. 571) it seems obvious that claimant's combined disabilities, i.e., the pre-existing loss of his right hand and a portion of that arm and a 60% loss of the use of his left hand, add up to a result that " is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone ". The board has determined, on substantial evidence, that such result amounted to permanent total disability. Decisions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.