In the Matter of the Claim of IRVING CONKLIN, SR., Respondent, against ARDEN FARMS DAIRY Co. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board for permanent partial disability arising out of injuries sustained in two accidents, found to have contributed equally to the disability. The board held respondent Special Disability Fund liable to reimburse the carrier, after 104 weeks, for that portion of the compensation awarded on account of the second accidental injury. Appellants contend that the board erred in failing to hold the Special Disability Fund liable for reimbursement of all compensation after 104 weeks. The same contention was advanced in *Matter of Gessi* v. *Kennedy Valve Mfg. Co.* (1 A D 2d 718) upon a similar state of facts, and we found it unavailing. As authorities to the contrary, appellants cite *Matter of Mastrodonato* v. *Pfaudler Co.* (307 N. Y. 592) and *Matter of Conway* v. *Aluminum & Brass Co.* (279 App. Div. 82, affd. 304 N. Y. 571) as did the appellants in the *Gessi* case. In neither of the cases cited was the underlying disability of the claimant the result of an industrial accident and the responsibility of the Special Disability Fund was, therefore, clearly apparent. Further, the *Mastrodonato* case presented the relatively narrow issue as to the liability of the Special Disability Fund, when medical expenses, but not compensation, continued during and beyond the statutory 104 weeks' period. Also unavailing, in our view, is appellants'

contention that the board's allocation to each accident of 50% of the disability found was without substantial support in the evidence, inasmuch as there was no medical proof of the percentage of the ultimate disability attributable to each injury. When, as here, medical experts quite frankly state their inability to allocate the percentage of disability as between the two or more accidental injuries to which disability has been related, the question must be resolved upon the other pertinent proof in the case, unless the purpose of the statute is to be thwarted. So far as appears, the board's practice in this respect has not been previously attacked and determinations thus arrived at have been affirmed. (See, e.g., *Matter of Anderson* v. *Babcock & Wilcox Co.*, 256 N. Y. 146; *Matter of Stein* v. *Venneri Co.*, 283 App. Div. 902.) Appellants refer to proof of two additional accidents, which appear, however, to have constituted but one incident, and as to which the findings are silent. We find in the record no substantial evidence that such accident contributed to the disability for which the award was made. In *Matter of Sherman* v. *Holland Furnace Co.* (2 A D 2d 911) a somewhat similar state of facts was involved and contentions similar to those first above discussed were advanced as grounds for reversal. Decision and award unanimously affirmed, with costs to the respondent Special Disability Fund. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.