■ In the Matter of the Claim of EDWARD R. EASTMAN, Respondent, against WILLIAM COTTMAN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a schedule award made by the Workmen's Compensation Board in favor of claimant. The sole issue on appeal is whether claimant was an employee or an independent contractor. The employer operated a boating business at Sylvan Beach, New York. Claimant was employed regularly as a stock handler by the Oneida Products Company at Canasota, New York. However he owned a chain saw and apparently cut and trimmed trees on odd occasions for other people. In company with two other men, and several weeks prior to the date on which the accident occurred, he cut down a tree for the alleged employer which had fallen on the roof of the latter's house. On August 14, 1952 the employer pointed out to the claimant some trees that he wanted trimmed and directed the latter to do so. Claimant worked alone on this job with his chain saw and it was agreed that he was to be paid at the rate of $3.50 per hour. The employer pointed out the limbs which he wanted cut from the trees, and after these had fallen into the water other employees used the employer's tractor to pull the limbs from the water so claimant could cut them up with his chain saw. Unquestionably the employer had a right to discharge the claimant at any time. The most that can be said in favor of appellants' position from the evidence as a

whole so far as the issue on appeal is concerned is that conflicting inferences might be drawn. Under such circumstances the weight of the evidence and the choice of the inference rests solely with the board (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Morton*, 284 N. Y. 167; *Gargano* v. *A. Cardani, Inc.*, 278 App. Div. 619). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.