■ In the Matter of the Claim of CORA REAGIN, Respondent, v CHARLES COLLINS, SR., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 14, 1974, which apportioned liability for the death benefits in excess of 104 weeks equally between the employer's insurance carrier and the Special Disability Fund. While employed by Charles Collins, Sr., during 1969, the deceased, James E. Reagin, Sr., suffered two compensable heart attacks, and, as a result of both attacks, he died on December 14, 1971. Pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law, it was thereafter determined that the employer and carrier were entitled to reimbursement for death benefits payable in excess of 104 weeks, and in its ultimate decision the board ruled that the death was due 50% to the first heart attack for which the carrier is liable and 50% to the second heart attack for which the Special Fund is liable. Accordingly, it apportioned liability equally between the carrier and the special fund. On this appeal, the sole question presented is whether the board properly apportioned responsibility for the death award, and we find that it did. Directly on point is *Matter of Salerno v Board of Educ.* (35 AD2d 764) wherein this court was faced with the identical issue and held that responsibility was properly apportioned between the carrier and the special fund. Accordingly, on the authority of that decision we affirm the board's decision here. (See, also, *Matter of Conklin v Arden Farms Dairy Co.,* 2 AD2d 910, affd 3 NY2d 860.) Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.